BY THE COURT.
The evidence is admissible under the plea of' payment, whether the payment was made to the plaintiff in person 736] *or to his agent. We think the notice is insufficient, as an accord and satisfaction, but we need not examine that now.
Much conflicting evidence was then given to the jury as to certain payments to Hackney, and touching his acting as agent for the pilaintiff, and for the defendant.
G. Swan for the plaintiff, and
Douglas and Irmn for the defendant.
The cause was argued to the jury by
WRIGHT, J. to the jury. The issues present two questions for your decision: 1. is the bond declared upon the bond of the defendant ? Has he paid the sum mentioned in the condition ?
As the plea denying the execution of the bond is without affidavit, the plaintiff is not required to prove its execution: and having read the bond in evidence, the first issue is with the plaintiff.
Under the second issue you will examine the evidence, to see if the payment has been made. The assumption is, that the defendant paid the money to Hackney, the recognized agent of Carrington. If that is proven, your verdict should be for the defendant. The fact of payment may be proven either by direct evidence, or by a chain of circumstances. If you are satisfied Carrington received the money as a payment, and lent it to Hackney, the bon'd is discharged; but if Hackney, in behalf of Davis, having been entrusted with money to pay as his agent, asked for an extension of the time of payment, and obtained it, however injurious to Davis his conduct may be, he cannot visit the delinquency of his own agent on Carrington, nor make him Carrington’s agent by such conduct. The defendant undertakes to prove the fact of payment, and if he has failed, or has left the matter doubtful, the plaintiff is entitled to a verdict.
The defendant asks us to charge you, that if the plaintiff called forth the defendant’s declarations in evidence, he cannot contradict them. That we decline doing, as we understand the law differently. If declarations are called out, the declaration of the person whose declarations are so called out cannot be impeached by the person calling them, but-the facts may be shown as they really are by other evidence.
Addresses have been made to your sympathy. You will remember you obliged yourselves to give a verdict according to the evidence; you have no right to favor either party on account of hardship, but have only to find the truth on the evidence.
Verdict for plaintiff. Motion for a new trial overruled,